**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOY AND MIDDLEBELT SUNOCO, INC.
and MAROUN FAWAZ,

      Plaintiffs,

                                                Case No. 04-CV-74870-DT

v.

                                                HONORABLE DENISE PAGE HOOD

FUSION OIL, INC.,

      Defendant.

_____/

**ORDER GRANTING PLAINTIFFS' MOTION FOR**
**DEFENDANT FUSION OIL TO SHOW CAUSE FOR WHY**
**IT SHOULD NOT BE HELD IN FURTHER CONTEMPT**
**FOR REFUSING TO PAY ITS FIRST CONTEMPT FINE AS ORDERED**

**I.     BACKGROUND**

In an Order dated March 17, 2005, the Court granted Plaintiffs' Motion for Order of Contempt. The Court found Defendant Fusion Oil in contempt when it ceased to deliver fuel in violation of the Court's Order dated January 4, 2005. The Court ordered Defendant Fusion Oil to pay Plaintiffs $7,000.00 for failing to deliver fuel between January 21, 2005 until January 30, 2005. Thereafter the parties agreed to dissolve the preliminary injunction which relieved Defendant Fusion Oil of the obligation to deliver fuel to Plaintiffs and required Plaintiffs to return possession of the station to Defendant Fusion Oil. (April 7, 2005 Order Pertaining to Preliminary Injunction, Contempt Order, and Other Matters)  However, the parties specifically agreed that the contempt order requiring Defendant Fusion Oil to pay Plaintiffs $7,000 for Defendant Fusion Oil's failure to deliver fuel between January 21, 2005 through January 30, 2005 remained unaffected by the parties' stipulation to dissolve the preliminary injunction. (*Id.*)

Even though the preliminary injunction order was dissolved, Defendant Fusion Oil appealed the March 17, 2005 Order on April 13, 2005. The Sixth Circuit dismissed Defendant Fusion Oil's appeal for lack of subject matter jurisdiction finding that the March 17, 2005 Order was not a final order from which an appeal could be made by Defendant Fusion Oil under 28 U.S.C. § 1291. (Order Dismissing Appeal, p. 1, Case No. 05-1563 (6th Cir. May 2, 2006)(unpublished)). The Sixth Circuit further found that the March 17, 2005 Order was not appealable under 28 U.S.C. § 1292(a), which allows appeals from a preliminary injunction order, because the parties resolved the preliminary injunction issue and the Court had entered an order dissolving the preliminary injunction order. (*Id.*, p. 2)

Defendant Fusion Oil claims that after receipt of the Sixth Circuit's Order dismissing the appeal for lack of subject matter jurisdiction, Plaintiffs' counsel sent a letter to defense counsel requesting payment of the contempt fine. Defense counsel responded that the time for appeal from the Sixth Circuit's dismissal had not run and that Defendant was reviewing its options, which Defendant Fusion Oil claims it was entitled to do during that time. At the hearing, defense counsel indicated the time to file leave for appeal had since run. Defendant claims it has not refused to pay the contempt fine but has taken the time to assess further appeal or other action which may be necessary. Defendant Fusion Oil, without citing any authority, requests permission to pay the $7,000 into the Court in escrow so that the money is not paid into Plaintiffs' hands at this time. Defendant Fusion Oil argues that once a final judgment has been entered in this case and the contempt issue is appealed to the Sixth Circuit, the Sixth Circuit may reverse the Court's Contempt Order. Defendant Fusion claims that Plaintiffs are out of business and Defendant Fusion Oil would then have to chase the Plaintiffs for the funds should the Sixth Circuit reverse the Contempt Order.

2

Since the Court entered its March 17, 2005 Order, Defendant Fusion Oil has failed to pay the $7,000.00 fine ordered by the Court. Plaintiffs now seek a further finding of contempt by Defendant Fusion Oil, including imprisonment, in order to enforce the Court's March 17, 2005 Order.

## II.   ANALYSIS

It is noted that since the March 17, 2005 Order entered by the Court and while the interlocutory appeal was pending before the Sixth Circuit, no motion was filed nor an order entered staying the case, generally, or, specifically, the Court's March 17, 2005 Order. At the same time, until Plaintiffs filed the instant motion, Plaintiffs did not seek to enforce the Court's March 17, 2005 Order pending Defendant Fusion Oil's interlocutory appeal.

The purpose of civil contempt is to coerce an individual to perform an act or to compensate an injured complainant. *United States v. Bayshore Assoc., Inc.,* 934 F.2d 1391, 1400 (6th Cir. 1991). The Sixth Circuit, in its Order dismissing Defendant Fusion Oil's appeal, noted that "[t]he [district] court ordered Defendant Fusion Oil to pay Plaintiffs $7,000 in *compensatory damages* for the period between January 21, and 28, 2005 ..." (Order Dismissing Appeal, p. 2, Case No. 05-1563 (6th Cir. May 2, 2006)(unpublished))(italics added). There are two types of civil fines. The first kind is payable to the complainant as compensation for damages caused by the contemnor's noncompliance. *Bayshore,* 934 F.2d at 1400. The second kind is payable to the court, but the defendant can avoid paying the contempt fine by performing the act required by the court's order. *Id.* Since the fine imposed in this case is a compensatory award, as noted by the Sixth Circuit, the termination of the underlying action does not moot the contempt proceeding nor eliminate the harm suffered by the injured complainant. *Consolidated Rail Corp. v. Yashinsky,* 170 F.3d 591, 596 (6th Cir. 1999).

3

Based on the cases cited above, the Court concludes that any judgment in the underlying action will not affect the contempt order issued by the Court. Defendant Fusion Oil must pay Plaintiffs $7,000 within ten days from the date of this Order. The Court will not issue an order allowing the amount to be deposited into the Court's account since Defendant Fusion Oil did not so order nor was it requested by Defendant Fusion Oil at the time the order was entered. If Defendant fails to pay Plaintiffs within the time ordered, the Court will consider further sanctions for violating the March 17, 2005 Order and this Order, including additional fines per day until the Order is complied with and criminal contempt sanctions.

### III.     CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Plaintiffs' Motion for Defendant Fusion Oil to Show Cause for Why It Should Not Be Held In Further Contempt For Refusing to Pay Its First Contempt Fine as Ordered **(Docket No. 70, filed May 10, 2006)** is GRANTED.

IT IS FURTHER ORDERED that Defendant Fusion Oil must pay Plaintiffs $7,000 within ten (10) days from the date of this Order.


　　　　　　　　　　　　　　　　　　　　 /s/ DENISE PAGE HOOD
　　　　　　　　　　　　　　　　　　　　DENISE PAGE HOOD
　　　　　　　　　　　　　　　　　　　　United States District Judge

DATED: June 15, 2006