UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOY & MIDDLEBELT SUNOCO, INC.
and MAROUN FAWAZ,

        Plaintiffs,

                            Case No.     04-74870

v.

                            HONORABLE DENISE PAGE HOOD

FUSION OIL, INC.,

        Defendant.
_____/

## ORDER GRANTING MOTION
## FOR DEFAULT JUDGMENT AGAINST DEFENDANT FUSION OIL

This matter is before the Court on Plaintiffs' Motion for Default Judgment [Dkt. #87, filed July 11, 2007] against Defendant Fusion Oil, Inc. ("Fusion"). The Complaint raises claims surrounding Defendant's supply of gasoline to Plaintiffs at a gasoline station located at 8755 Middlebelt, Westland, Michigan 48185. The Complaint alleges, *inter alia*, that Defendant failed to renew the parties' expired Franchise Agreement in violation of the Petroleum Marketing Practices Act ("PMPA") and that Defendant committed statutory conversion pursuant to MCL 600.2919a. On January 30, 2008, the Court conducted a hearing on Plaintiffs' Motion. Defendants did not appear.[1]

At the hearing, Plaintiffs argued that Default Judgment should be entered against Defendant

---

[1]The docket indicates that a notice of the hearing was mailed to William Hoffman of Trigild Company, but returned as not deliverable on January 22, 2008. The docket also indicates that a notice of the hearing was mailed to Hasan Harajli of Fusion Oil, but returned as not deliverable on January 23, 2008.

1

because Defendant has failed to defend itself in the instant action. Federal Rule of Civil Procedure 55(a) provides in pertinent part: "[w]hen a party against whom a judgment for affirmative relief is sought has failed to . . . defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default. Fed. R. Civ. P. 55(a). Federal Rule of Civil Procedure 55(b)(2) provides that upon application of the party, the court may enter a default judgment. Fed. R. Civ. P. 55(b)(2). Rule 55(b)(2) further provides that a court "may conduct hearings . . . to "determine the [applicable] amount of damages" or "establish the truth of any allegation by evidence." *Id.*

The Court finds that Defendant has failed to defend itself in the instant action. On June 4, 2007, the Court permitted Defendant's former counsel to withdraw, but required Defendant to obtain new counsel within thirty days. In federal court, a corporation may appear only by an attorney admitted to practice in that court. *Grace v. Bank Leumi Trust Co. of NY*, 443 F.3d 180 (2d Cir. 2006). To date, however, no new counsel has filed an appearance on behalf of Defendant. Nor has anyone appeared on behalf of Defendant to offer an explanation. Accordingly, the Court grants Plaintiff's Motion for Default Judgment.

At the hearing, Plaintiffs asserted that they are entitled to a treble damage award of $88,364.91 for conversion, a lost profits award of $150,000.00 for a failed sale of the gasoline station, and attorneys' fees of $40,689.05. Plaintiffs provided documentation for these amounts. Plaintiffs' treble damages claim is pursuant to MCL 600.2919a, which states:

> (1) A person damaged as a result of either or both of the following may recover 3 times the amount of actual damages sustained, plus costs and reasonable attorney[s'] fees:
>
> (a) Another person's stealing or embezzling property or converting property to the other person's own use.
>
> (b) Another person's buying, receiving, possessing, concealing, or aiding in the

concealment of stolen, embezzled, or converted property when the person buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property knew that the property was stolen, embezzled, or converted.

(2) The remedy provided by this section is in addition to any other right or remedy the person may have at law or otherwise.

MCL 2919a (amended 2005).

A plain reading of MCL 600.2919a(1)(a) indicates that treble damages should apply here to the sums claimed by Plaintiffs to be converted, because Defendant siphoned these sums from Plaintiffs' bank accounts – without Plaintiffs' permission and for it own use.[2] Therefore, a treble damage award of $88,364.91 ($29,454.97 x 3) to Plaintiffs is proper. *See Echelon Homes, LLC v. Carter Lumber Co.*, 472 Mich. 192, 196 (2005) (en banc) (noting that where statutory language "is unambiguous . . . the statute must be enforced as written").

An award of attorneys' fees in the amount of $40,689.05 is also appropriate, because the amount sought is reasonable under the facts of this case. Section 600.2919a(1)(a) of the PMPA permits attorneys' fees as does the PMPA. The PMPA provides in pertinent part that: "[i]f the franchisee prevails in any action under subsection (a), such franchisee shall be entitled . . . to reasonable attorney[s'] . . . fees to be paid by the franchisor unless the court determines [otherwise]." 15 U.S.C. § 2805(d)(1)(C). Plaintiff's counsel submitted a detailed affidavit of his fees, hourly rate and hours billed. The Court concludes that these fees are commensurate with his years in practice

---

[2] This statute was amended on June 16, 2005. Under the old version of MCL 600.2919a, treble damages would not apply. *See Marshall Lasser, PC v. George*, 252 Mich. App. 104, 112-14 (2002) (noting that the old version of the statute "was directed towards those who assist the thief"). The old version of MCL 600.2919a contained wording very similar to MCL 600.2919a(1)(b) of the current statute, but did not contain any of the wording contained in MCL 600.2919a(1)(a) of the current statute. The Legislature added 600.2919a(1)(a) so that a plaintiff could receive treble damages from the actual thief himself. *See* H.B. 4356, 93rd Leg. (Substitute H-2 as reported without amendment, dated 5-31-05) (Mich. 2005).

and his expertise with cases involving the PMPA.

Plaintiffs' assertion that they are entitled to a lost profits award of $150,000.00 is supported by documentation evidencing that a third-party buyer was willing to purchase the gasoline station for $150,000.00. (Dkt. #87, Exhibit F.) Plaintiffs claim that Defendant's failure to renew the Dealer Franchise Agreement, directly led to the buyer's decision not to purchase the station. Plaintiffs attach to their Motion a writing authored by Plaintiff Maroun Fawaz, dated April 30, 2004, indicating his commitment to sell his interest in the gasoline station to the buyer, Lucien Abou-Aziz, for $150,000.00. The writing is signed by both Mr. Fawaz and Mr. Abou-Aziz and states that the offer to sell will remain valid for thirty days.

Plaintiffs assert that Defendant's willful failure to renew the franchise agreement with Plaintiffs, in violation of Sections 2802 and 2804 of the PMPA, "directly led to the [buyer's] decision not to purchase the station." (Pl.'s Mot. for Default J. at 12.) The PMPA permits recovery of actual lost profits by a franchisee where a franchisor violates the PMPA. 15 U.S.C. § 2805(d). In cases of a franchisor's willful disregard of the PMPA, a franchisee may also recover exemplary damages. 15 U.S.C. § 2805(d)(1)(B). The question of whether to award exemplary damages "shall be determined by the court." 15 U.S.C. § 2805(d). The Court finds support in Plaintiffs' request for lost profits under the PMPA lost profits provision, § 2805(d), and under the PMPA exemplary damage provision, § 2805(d)(1)(B). Accordingly, Plaintiffs' request for a lost profits award of $150,000.00, stemming from the failed sale of the gasoline station, is granted.

In addition to requesting Rule 55(a) and monetary relief, Plaintiffs also move the Court to dismiss Defendant's Counterclaim with prejudice. The Counterclaim alleges that Plaintiffs failed to provide full payment on various shipments of gasoline provided by Defendant. Federal Rule of

4

Civil Procedure permits dismissal of a claim for failure to prosecute. *See* Fed. R. Civ. P. 41(b). For the same reasons that the Court concludes that Defendant has failed to defend itself in this case, the Court also concludes that Defendant has failed to prosecute its counterclaims in this case. Accordingly, Defendant's Counterclaim must be dismissed with prejudice. *See id.*

Accordingly,

IT IS HEREBY ORDERED that Plaintiffs' Motion for Default Judgment against Defendant Fusion Oil, Inc. [Dkt. #87, filed July 11, 2007] is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiffs' request for a treble damage award of $88,364.91 is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiffs' request for a lost profits award of $150,000.00 is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiffs' request for attorneys' fees in the amount of $40,689.05 is **GRANTED**.

IT IS FURTHER ORDERED that Defendant's Counterclaim [Dkt. #37, filed April 12, 2005] against Plaintiffs is **DISMISSED WITH PREJUDICE**.

IT IS FURTHER ORDERED that this Order and accompanying Judgment resolve all pending claims between the parties, and the matter is now **CLOSED**.

s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: January 31, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 31, 2008, by electronic and/or ordinary mail.

s/William F. Lewis
Case Manager